1  SEYFARTH SHAW LLP
   KENNETH L. WILTON (SBN 126557)
2  E-mail: kwilton@seyfarth.com
   2029 Century Park East, Suite 3500
3  Los Angeles, California 90067-3021
   Telephone:  (310) 277-7200
4  Facsimile:   (310) 201-5219

5  CARRIE P. PRICE (SBN 292161)
   E-mail:  cprice@seyfarth.com
6  560 Mission Street, Suite 3100
   San Francisco, California 94105-2930
7  Telephone:  (415) 397-2823
   Facsimile:   (415) 397-8549
8
   Attorneys for Plaintiff
9  SILLAGE, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SILLAGE, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LAURICE EL BADRY RAHME LTD.,<br><br>　　　　　Defendant. | Case No. 8:17-CV-01789<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

For its complaint, Plaintiff Sillage, LLC ("Sillage"), by and through its attorneys Seyfarth Shaw LLP, avers as follows:

## THE PARTIES

1. Plaintiff Sillage is a California limited liability company with its principal place of business in Newport Beach, California. Sillage is, and was at all times herein mentioned, qualified to do business in California. Sillage manufactures, markets, distributes and sells luxury fragrance products under its HOUSE OF SILLAGE mark.

2. Defendant LAURICE EL BADRY RAHME LTD. ("Laurice") is a New York corporation with its principal place of business in New York, New York. Upon information and belief, Laurice is also in the business of selling fragrances, and does so under the BOND NO. 9 NEW YORK mark. Laurice sells such products through stores and via the Internet to customers within this jurisdiction.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court because this action arises under federal law, namely the United States Trademark Act (15 U.S.C. §§ 1051 *et seq.*). The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 28 U.S.C. § 2201 (Declaratory Judgment Act).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and (c) because Sillage resides in this Judicial District.

5. An actual case or controversy has arisen between the parties. Laurice has threatened litigation against Sillage, and has asserted that Sillage's advertising for and sale of certain of its products constitutes trademark and trade dress infringement. These statements threaten to injure Sillage.

## GENERAL ALLEGATIONS

6. Sillage manufactures, markets, distributes and sells luxury fragrance products under its HOUSE OF SILLAGE mark. Sillage's fragrances include a women's collection, a men's collection, travel-sized fragrances, and the line of fragrances at issue

here, THE TREND by HOUSE OF SILLAGE.  Sillage's THE TREND by HOUSE OF SILLAGE collection features fashion-forward 8ml travel sprays in cylindrical containers. The collection consists of 10 fragrances numbered one through 10, each with its own unique aesthetic identity, as shown below.



7. The aesthetic identity of Sillage's THE TREND by HOUSE OF SILLAGE No. 9 fragrance is "City Dreams," and its packaging and marketing materials display fanciful images of a cosmopolitan city, including the skyline and related imagery.

8. On information and belief, Laurice sells fragrances under the BOND NO. 9 NEW YORK mark; each comes in a distinctive star-shaped bottle and has a theme that corresponds to a geographic location, mainly New York neighborhoods.  For instance, an example of one of Laurice's BOND NO. 9 NEW YORK fragrances, BOND NO. 9 "Madison Avenue," is shown below.



2
COMPLAINT FOR DECLARATORY JUDGMENT

9. By a cease-and-desist letter dated March 16, 2017, Laurice asserted that Sillage was infringing Laurice's trademarks BOND NO. 9 and BOND NO. 9 NEW YORK, U.S. Reg. Nos., 2742675, 3235717, 3184312 and 3537423. This letter is attached hereto as <u>Exhibit 1</u>.

10. Specifically, Laurice alleged that Sillage's stylized use of "No. 9" in connection with its THE TREND by HOUSE OF SILLAGE fragrance No. 9 "City Dreams" infringed Laurice's BOND NO. 9 marks. Laurice went on to allege that Sillage's use of New York imagery on its packaging, including images of the city skyline, was evidence of an "intentional and conscious effort to associate [Sillage's] fragrances to those of [Laurice]" and that Sillage's "adoption of 'NO. 9'" constituted a "willful attempt to trade on [Laurice's] goodwill and fame." In this letter, Laurice demanded that Sillage immediately cease and desist all use of "NO. 9" on and in connection with the sale and offer for sale of fragrances.

11. On information and belief, not only did Laurice send its March 16, 2017 cease and desist letter to Sillage, it sent a copy to Bloomingdales, a key business partner of Sillage.

12. Between March 16, 2017 and September 27, 2017, the parties' attorneys exchanged numerous letters, which have escalated to the point of Laurice demanding not only that Sillage immediately stop using "NO. 9" in connection with any fragrances, but further demanding that Sillage discontinue using *any* imagery that could be associated with New York, such as a yellow taxi cab.

13. In its most recent cease-and-desist letter dated September 27, 2017, Laurice lobbed new allegations at Sillage. In that letter, Laurice asserted that designs used on Sillage's THE TREND by HOUSE OF SILLAGE fragrances Nos. 1, 3 and 4 infringe the trade dress of Laurice's BOND NO. 9 fragrances "Park Avenue," "Chinatown," and "Liberty Island" because they feature a "dotted pattern," "prominent pink cherry blossoms," and "a white star with a blue background," respectively. In this letter, Laurice threatened to "escalate the issue" concerning these designs.

14. As recently as October 12, 2017, Laurice's attorneys threatened that they would recommend that their client seek "further action" against Sillage for the alleged infringement.

15. Sillage maintains that its use of "No. 9" and imagery suggestive of New York City in connection with its THE TREND by HOUSE OF SILLAGE No. 9 product does not infringe Laurice's BOND NO. 9 NEW YORK trademarks or in any manner violate the Trademark Act. Sillage further maintains that the designs and imagery used in connection with its the TREND by HOUSE OF SILLAGE fragrances Nos. 1, 3 and 4 do not infringe Laurcie's purported trade dress, nor that the designs Laurice contends it owns constitute protectable trade dress under the Trademark Act.

## CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement)

16. Sillage incorporates by reference the allegations contained in Paragraphs 1 through 15, inclusive.

17. Laurice has asserted that Sillage's use of the term "No. 9" and imagery of New York in connection with its THE TREND by HOUSE OF SILLAGE fragrance No. 9 constitutes trademark infringement, and has threatened to bring a lawsuit against Sillage on this basis.

18. Laurice has further asserted that Sillage's use of certain imagery including a "dotted pattern," "prominent pink cherry blossoms," and "a white star with a blue background," in connection with its THE TREND by HOUSE OF SILLAGE fragrances Nos. 1, 3 and 4 infringe Laurice's trade dress for its BOND NO. 9 NEW YORK "Park Avenue," "Chinatown," and "Liberty Island" fragrances.

19. As a result, an actual, present and justiciable controversy has arisen between Sillage and Laurice concerning Sillage's right to use "No. 9" and certain imagery in connection with Sillage's THE TREND by HOUSE OF SILLAGE products.

20. Sillage seeks a declaration from this Court that its use of "No. 9," imagery suggestive of New York, and a "dotted pattern," "prominent pink cherry blossoms," and

"a white star with a blue background" do not constitute infringement under the Trademark Act or any other statute.

### PRAYER FOR RELIEF

WHEREFORE, Sillage respectfully requests that the Court:

1. Enter judgment according to the declaratory relief sought;
2. Award Sillage its costs in this action;
3. Award Sillage its attorneys' fees pursuant to 17 U.S.C. § 1117(a);
4. Enter such other further relief to which Sillage may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

Respectfully submitted,

SEYFARTH SHAW LLP

DATED: October 13, 2017      By: _____*/s/ Kenneth L. Wilton*_____
                                  Kenneth L. Wilton
                                  Carrie P. Price
                                  Attorneys for Plaintiff
                                  SILLAGE, LLC

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and Local Rule 38-1, Sillage hereby demands a jury trial on all issues so triable.

Respectfully submitted,

SEYFARTH SHAW LLP

DATED: October 13, 2017      By: _____*/s/ Kenneth L. Wilton*_____
                                  Kenneth L. Wilton
                                  Carrie P. Price
                                  Attorneys for Plaintiff
                                  SILLAGE, LLC

41740894v.1